### No. 778

### CRAIG v. PUB. UTIL. COMM.

### No. 19954. Supreme Court

Petition in error. Dock. July 6, 1926; 4 Abs. 475.

R. L. Craig herein seeks a reversal of an order of the Public Utilities Commission granted upon the application of one L. E. Smith wherein it was found that Craig had ceased to be a private contract carrier and had become a common carrier.

The ground of the reversal sought is that said finding is contrary to the evidence and not sustained thereby.

Attorneys—B. F. Miller, Columbus, and Deaton & Bodey, Urbana, for Craig; C. C. Crabbe and J. W. Bricker, Columbus, for Commission.

---

### No. 780

### GOODMAN v. GERSTLE

### No. 19955. Supreme Court

On motion to certify. Dock. July 6, 1926; 4 Abs. 475.

997. REAL PROPERTY—Where a divorce has been granted for the husband's aggression, the decree allowing the wife a dower interest in all property then owned, and later the parties re-marry, is the wife entitled to her dower interest upon the sale of the property pursuant to a partition suit brought by a tenant in common with the husband?

This action was brought originally in the Trumbull Common Pleas by Louis Liebman, in which a partition to certain real estate was sought.

It appears that Liebman and Roy A. Gerstle were tenants in common of certain real estate during the time that Gerstle and one Alma C. Goodman were husband and wife. A divorce was granted to Goodman by reason of the aggression of Gerstle and in the decree a dower right in said property was given to Goodman. Subsequently, the parties re-married and in the instant actio nGoodman claims a dower interest in said property.

The Court of Appeals found that Gerstle was the owner of an undivided one-half interest and that Liebman owned in fee an undivided interest and further that Goodman was not entitled to any of the proceeds from the sale.

Goodman, in the Supreme Court, contends:

That under the decree of the ourt which granted the divorce she should be entitled to the dower interest in said property.

Attorneys—G. B. Dilley and I. G. Matthews for Goodman; W. P. Barnum and M. M. Guntefinger for Gerstle; all of Youngstown.

---

### No. 781

### GREEN v. MORRISON, Trustee

### No. 19956. Supreme Court

On motion to certify. Dock. July 6, 1926; 4 Abs. 475.

1197. TRUSTS—May a cestui under a trust bequeath her interest to her husband by will or do the heirs of her body receive her interest after her decease?

This action was brought originally in the Pickaway Common Pleas by Kathryn Green against G. W. Morrison, trustee, in an effort to enforce a trust for the payment of money in her favor.

It appears that Kathryn Green, daughter of Lettie Green deceased, claims to be entitled to the benefit of a trust created for Lettie Green under the will of Snyder J. Ward. An interpleader was filed by the Trustee. John C. Green, husband of Lettie Green, deceased, claims to be entitled to the benefit of said trust by virtue of the will of Lettie Green.

The will of Ward recited the following concerning the trust:

"In this distribution I intend the children of my deceased nephews and nieces - - - to take their parents' share - - - -".

The judgment of the Common Pleas in favor of John C. Green was affirmed by the Court of Appeals.

Kathryn Green in the Supreme Court contends: that Lettie Green had only a life income and therefore she could not bequeath the benefit of this trust to her husband by will.

Attorneys—M. L. Bigger, Columbus, and C. A. Leist, Circleville, for Green; Charles Gearheart, Circleville, for Morrison.